UNITED STATES DISTRICT
COURT NORTHERN DISTRICT
OF OHIO WESTERN DIVISION

Joshua Mausser,                                          Case No. 3:19-cv-2055 JGC

       Plaintiff,

       v.                                                    **ORDER**

Andrew Saul,
Commissioner of Social Security,

       Defendant.

This is an appeal from the denial of Social Security benefits. The Honorable Magistrate Judge James R. Knepp, II[1] has issued a Report and Recommendation, recommending that I deny the appeal. (Doc.18). Plaintiff Joshua Mausser has filed objections (Doc. 19), and the Commissioner has elected to rest on his previously-filed brief (Doc 20 (citing Doc. 15)).

For the following reasons, I overrule Mr. Mausser's objections and I approve and adopt Judge Knepp's Report and Recommendation.

## Discussion

The crux of Mr. Mausser's objection is that the Administrative Law Judge ("ALJ") who decided his case found at step two of the sequential analysis[2] that his Crohn's disease did not qualify as a severe impairment. *See* (Doc. 19, pgID 578-82). He argues that the ALJ's non-

---

[1] Between the time Judge Knepp issued his Report and Recommendation and the present, Judge Knepp has been confirmed and invested as a district judge in this District.

[2] *See* 20 C.F.R. § 404.1520 (stating the five-step analysis that ALJs must use in reviewing claims).

1

severity finding led her to err by not giving sufficient credit to his medical providers' opinions.[3] (*Id.* pgID 582-86). He further argues that her mischaracterization of his Crohn's disease led her to misjudge his credibility regarding his symptoms. I disagree.

### 1. The Severity of Mr. Mausser's Crohn's Disease

Mr. Mausser argues that the ALJ erred in not finding his Crohn's disease a severe impairment at step two of the sequential analysis. He concedes, however, that even if the ALJ erred in not finding his Crohn's disease a severe impairment, that error would be harmless so long as the ALJ went on to consider the entire record, including the Crohn's-related records, in making her residual functional capacity determination ("RFC") determination. (Doc. 19, pgID 580) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)).

Mr. Mausser argues that the ALJ did not properly consider his Crohn's symptoms in setting his RFC because "the ALJ noted no less than seven times throughout the decision that Crohn's was non-severe (in part as justification for not including any Crohn's related limitations in the residual functional capacity."). (*Id.*).

Mr. Mausser's complaint that the ALJ repeatedly referred back to her finding that his Crohn's disease was non-severe is of no moment. The ALJ discussed the records relating to his Crohn's disease in detail in her step-two analysis and again in step four in discussing why she gave little weight to Mr. Mausser's treating physicians' opinions in formulating his RFC. "[I]t is proper to read the ALJ's decision as a whole," and "it would be a needless formality to have the ALJ repeat substantially similar factual analyses" in different parts of the decision." *Gates v.*

---

[3] Mr. Mausser received treatment for his Crohn's disease from a physician and a nurse practitioner. For Social Security purposes, a nurse practitioner is classified as an "other medical source." Opinions of such non-doctor providers "may be used to provide additional evidence about the symptoms, diagnoses, and prognoses of any impairments identified by acceptable medical sources." 20 C.F.R. § 404.1513(d).

*Colvin*, No. 3:12CV00220, 2013 WL 3087268, at *13 (S.D. Ohio), *report and recommendation adopted sub nom. Gates v. Comm'r of Soc. Sec.*, No. 3:12CV220, 2013 WL 5441762 (S.D. Ohio).

The question, then, is whether, examining her opinion as a whole, she provided a reasoned explanation for her decision not to include Crohn's-related limitations in Mr. Mausser's RFC. I conclude that she did so.

In discussing Mr. Mausser's Crohn's disease, the ALJ reviewed his Crohn's-related medical records in detail and concluded that they did not support either his treating physicians' opinions regarding his limitations or his own testimony. Substantial evidence supported the ALJ's decision. As the ALJ accurately summarized, "[t]he record does not contain evidence of emergency room visits secondary to Crohn's disease, and [Mr. Mausser's] physical examinations generally noted normal bowel sounds, no distention, and no more than abdominal tenderness." (Doc. 11, PgID 81).

Nevertheless, Mr. Mausser's treating physician, Dr. Sodeman opined that Mr. Mausser would require at least hourly, ten-minute bathroom breaks and that he would be absent from work more than three days per month. (Doc. 11, pgID 452).

Nurse Practitioner Sara Webb, who also treated Mr. Mausser, also opined that Mr. Mausser would require at least one ten-minute bathroom break per hour and be absent more than three days per month. (*Id.*, pgID 450).

Mr. Mausser testified that he had abdominal pain and had six bowel movements a day; far less frequently than the ten minutes per hour that his physicians opined that he would need.

The ALJ reasonably determined that Dr. Sodeman and Nurse Practitioner Webb's opinions and Mr. Mausser's testimony were inconsistent with records from numerous medical

3

examinations. Those records indicated that, over numerous examinations, Mr. Mausser presented with normal bowel sounds, no distention, and no more than mild abdominal tenderness. They did not reflect the degree of symptom severity the treating medical personnel and Mr. Mausser described.

As Judge Knepp pointed out, (Doc. 18, pgID 566), "ALJs may discount treating-physician opinions that are inconsistent with substantial evidence in the record, like the physician's own treatment notes." *Leeman v. Comm'r of Soc. Sec.*, 449 F. App'x 496, 497 (6th Cir. 2011). The ALJ's discounting of Mr. Mausser's treating providers on that basis was appropriate, and her decision to do so was supported by substantial evidence.

Likewise, the ALJ properly discounted Mr. Mausser's own credibility because she found his testimony conflicted with the relatively benign clinical findings his physicians reported over the course of his treatment.

**2. The ALJ's Reliance on Allegedly Outdated Medical Reports**

Mr. Mauser argues that the ALJ impermissibly relied on the opinions of doctors who did not have a full record when they issued their opinions in 2016. He fails, however, to show that his symptoms worsened materially during the time between those examinations and the 2018 administrative hearing. While diagnostic testing performed subsequent to those doctors' opinions confirmed the presence of Crohn's and Colitis, the issue is not the diagnosis but the extent to which the symptoms impaired Mr. Mausser's ability to perform substantial gainful activities. *See McKenzie v. Comm'r of Soc. Sec.*, 2000 WL 687680, at *5 (6th Cir.). The ALJ reasonably determined that the post-2016 treatment records did not undermine the 2016 opinions.

When a claimant submits additional evidence after a physician has issued an opinion, an ALJ may still rely on the opinion, so long as he or she evaluates the later-received evidence and

4

it is "clear from the ALJ's decision . . . that he [or she] considered the medical examinations that occurred after" the date of those opinions. *McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x. 26, 32 (6th Cir. 2009); *Patterson v. Comm'r of Soc. Sec.*, No. 1:16cv110, 2017 WL 914272, at *10 (N.D. Ohio) (Knepp, M.J.) (ALJ may rely on a state agency reviewer who did not review the entire record, "so as [sic] long as the ALJ also considers the evidence post-dating the opinion.").

Here the ALJ discussed each of Mr. Mausser's examinations that occurred after the state agency physicians and consulting physician issued their opinions. (Doc. 11, pgID 80-81). Mr. Mausser has failed to identify any later-obtained record that undermines the ALJ's decision. Therefore, his attempt to use the more recent medical records to discredit the ALJ's evaluation fails. *See Pence v. Comm'r of Soc. Sec.*, No. 1:13CV287, 2014 WL 1153704, at *13 (N.D. Ohio) (Adams, J.) (where "[t]he ALJ afforded great weight [to non-examining physicians' opinions] because they were 'generally consistent with the evidence of record, . . . [t]he ALJ's statement implied a recognition that the state agency opinions were not in significant conflict with medical evidence that arose after their assessments and retained reliability."); *Dunmore v. Colvin*, 940 F. Supp. 2d 677, 688 (S.D. Ohio 2013) (ALJ did not err in relying on "outdated" state agency physicians' opinions despite the availability of additional evidence developed after they issued those opinions where ALJ's decision reflected "that the ALJ appropriately considered all of the medical evidence of record").[4]

---

[4] Because I have rejected Mr. Mausser's argument that the ALJ erred in assessing his Crohn's disease, it is unnecessary to address his argument that she erred in failing to include any Crohn's-related limitations in her residual functional capacity. The ALJ was only required to include those limitations she found to be credible and supported by the record. *Irvin v. Soc. Sec. Admin.*, 573 F. App'x 498, 502 (6th Cir. 2014) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir.1993)).

5

It is therefore

ORDERED THAT:

1) Plaintiff's objections to the Report and Recommendation (Doc. 18) be, and the same hereby are, overruled;

2) The Report and Recommendation be, and the same hereby is, approved and adopted;

3) Plaintiffs request for review be, and the same hereby is, denied with prejudice; and

4) The Clerk of Court shall mark this matter closed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge